UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


<u>ABUYUSUF A. EL-AMIR</u>,

      Plaintiff,

v.                                                                    4:04-cv-106

<u>SHERIFF STEVE GRAVES</u> and
<u>CHIEF DEPUTY JERRY CRABTREE</u>,

      Defendants.


## <u>MEMORANDUM OPINION</u>


This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the following reasons, the complaint will be **DISMISSED WITHOUT PREJUDICE**.


Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded §

1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff, an inmate in the Coffee County Jail, challenges numerous conditions of his confinement. The defendants are Sheriff Steve Graves and Chief Deputy Jerry Crabtree. Plaintiff claims he wrote letters or notes to the jail administrators, with no results. Plaintiff does not state, however, that he filed any grievances with respect to allegations of his complaint. In addition, plaintiff did not provide the court with copies of the letters or notes he claims to have written, nor did he state with particularity the contents of the notes. Thus, plaintiff has failed to demonstrate exhaustion of remedies. Accordingly, the complaint shall

2

be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e.  The court

**CERTIFIES** that any appeal from this action would not be taken in good faith and would

be totally frivolous.  *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

      **AN APPROPRIATE ORDER WILL ENTER.**

_____s/ James H. Jarvis_____
United States District Judge
